UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | CRIMINAL NO. 3:15-CR-0494-B-2 |
| JOHN CHRISTOPHER WARE, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant John Christopher Ware's Motion for Compassionate Release (Doc. 203) and Motion to Expand the Record (Doc. 205). Ware's Motion to Expand the Record is **GRANTED**, and the Court will consider Ware's supporting documents in determining his compassionate-release motion. However, for the reasons set forth below, the Court **DENIES** Ware's compassionate-release motion **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

After Ware pleaded guilty to conspiracy to distribute a controlled substance, the Court sentenced him to 135 months of imprisonment and three years of supervised release. Doc. 183, J., 1–3. Ware, who is now forty-nine years old, is serving his sentence at Oakdale II Federal Correctional Institution (FCI). He is scheduled to be released in September 2028.[1] As of April 28, 2021, Oakdale

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed April 28, 2021).

II FCI reports eighteen active and 277 recovered cases of COVID-19 among its inmates.[2] On April 15, 2021, Ware filed the pending motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 203, Def.'s Mot., 1. The Court reviews Ware's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

*A.     Ware Has Not Demonstrated Proof of Exhaustion.*

Ware's request for compassionate release is denied because he has not proved that he satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

---

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed April 28, 2021).

§ 3582(c)(1)(A).³

Ware argues that he has satisfied the exhaustion requirement by "submitt[ing]" requests to the warden for release. Doc. 204, Def.'s Br., 19–21. However, submission of a request is insufficient for exhaustion. Rather, exhaustion requires proof that the warden *received* the defendant's request. § 3582(c)(1)(A); *see also, e.g.*, United States v. Carrera, 2020 WL 6545982, at *2 (N.D. Tex. Nov. 5, 2020) (denying compassionate release where defendant "attache[d] to his motion a letter . . . in which he purportedly ask[ed] the warden of his facility for a sentence reduction," but did not "attach any proof that the warden actually received his request").

Ware's supporting documentation does not establish exhaustion, either. Ware submits copies of three "Inmate Request to Staff" forms seeking compassionate release. Doc 205, Def.'s Mot., 13–15. The first, dated September 22, 2020, bares the signature of a staff member of unknown credentials, and informs Ware that he must "submit a copout to the warden." *Id.* at 15. This request does not prove that the warden received Ware's request. To the contrary, it suggests the opposite. The second, dated November 2020, and the third, dated December 2020, bear no staff signatures at all, let alone the signature of the warden reflecting receipt. *Id.* at 13–14. Thus, Ware has provided no evidence demonstrating the warden of his facility has received any request for compassionate release Ware has made. Without such evidence, Ware has not proved that he complied with the exhaustion requirement, and the Court thus **DENIES** his motion for compassionate release **WITHOUT**

---

³ The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

**PREJUDICE**. *See, e.g.*, *United States v. Broadus*, 2020 WL 4784686, at *2 (N.D. Tex. Aug. 18, 2020) (denying compassionate release where the defendant failed to "show proof of her exhaustion of administrative remedies").

B.   *Ware Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Regardless of whether Ware exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582 (c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, —F.3d—, 2021 WL 1291609, at *2 (5th Cir. Apr. 7, 2021) (citations, quotation marks, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] However, the Fifth Circuit recently held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 2021 WL 1291609, at *4 (citing § 1B1.13).

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curium) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in a district court's consideration of an inmate's motion in light of *Shkambi*'s holding). Considering Ware's motion in light of § 1B1.13 and applying its discretion, the Court concludes that Ware has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

As a preliminary matter, the Court notes that to the extent Ware raises concerns about the conditions at Oakdale II FCI, those concerns do not give rise to extraordinary and compelling circumstances. The Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus at various federal prisons. But Oakdale II FCI's statistics—277 recovered cases and eighteen active cases of COVID-19—suggest the decline of an outbreak, if anything. Further, generalized concerns about the spread of COVID-19 at Ware's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at a given facility. *See United States v. Delgado*, 2020 WL 2542624, at

*3 (N.D. Tex. May 19, 2020).

Regarding Ware's individual circumstances, Ware states that he is "nearly 50 years old," obese, and diabetic, and that he has had three strokes, has cerebrovascular disease, renal disease, and hypertension. Doc. 204, Def.'s Br., 22. Ware submits a medication list that enumerates the many medications he takes, as well as a single page of what the Court presumes is Ware's prison medical records that lists Ware's "[h]ealth [p]roblems[.]" Doc. 206, Def.'s Ex., 1. Ware's provided medical records substantiate his alleged health conditions, except his alleged strokes. *See id.* Nonetheless, the Court does not find Ware's alleged conditions rise to the level of extraordinary and compelling. Indeed, Ware has not alleged that Oakdale II FCI is ill-equipped to meet Ware's medical needs. Nor has Ware alleged that he is unable to provide self-care in Oakdale II FCI. U.S.S.G. § 1B1.13 cmt. n.1. Overall, there is nothing before the Court that indicates his personal circumstances rise to the level of extraordinary and compelling. In the Court's discretion, the Court **DENIES** Ware's motion **WITHOUT PREJUDICE.**

## IV.

## CONCLUSION

Ware's request for compassionate release under § 3582(c)(1)(A) fails because he has not proved exhaustion of his administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** Ware's motion (Doc. 203) **WITHOUT PREJUDICE**.

By denying Ware's motion without prejudice, the Court permits Ware to file a subsequent motion for compassionate release in the event he can both: (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with

respect to those circumstances.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), it must consider the sentencing factors of § 3553. § 3582(c)(1)(A). Because Ware fails to prove exhaustion of his administrative remedies and extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today.

**SO ORDERED.**

**SIGNED: April 28, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE