UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:15-CR-0494-B-2 |
| | § | |
| JOHN CHRISTOPHER WARE, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant John Christopher Ware's Motion for Compassionate Release (Doc. 215) and Ware's Request for Reconsideration of the Court's previous Order denying compassionate release (Doc. 216). Because Ware has not shown extraordinary and compelling reasons for his release, the Court **DENIES** Ware's Motion **WITHOUT PREJUDICE**.

I.

BACKGROUND

After Ware pleaded guilty to conspiracy to distribute a controlled substance, the Court sentenced him to 135 months of imprisonment and 3 years of supervised release. Doc. 183, J., 1–3. Ware, who is now fifty-one years old, is serving his sentence at Oakdale II Federal Correctional Institution ("Oakdale II FCI") and is scheduled to be released in September 2027.[1] As of March

---

[1] The Court derives this information from the Bureau of Prisons ("BOP")'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last visited March 22, 2023).

22, 2023, Oakdale II FCI reports 4 active and 597 recovered cases of COVID-19 among its inmates and reports that 2,227 inmates have been fully vaccinated against the disease.[2]

On April 15, 2021, Ware filed his first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 203, Mot., 1. Finding that Ware did not demonstrate proof of exhaustion or extraordinary and compelling reasons for his release as the statute requires, the Court denied the motion without prejudice on April 28, 2021. Doc. 207, Mem. Op. & Order. On October 13, 2021, Ware filed a second compassionate-release motion, stating that he satisfied both requirements. *See* Doc. 208, Mot., 1. The Court denied this motion as well, finding that Ware did not demonstrate extraordinary and compelling reasons for his release. Doc. 209, Mem. Op. & Order, 5. Ware filed his third compassionate-release motion on March 2, 2023. *See* Doc. 215, Mot. The Court reviews Ware's Motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

---

[2] The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last visited March 22, 2023).

## III.

## ANALYSIS

A.     *Ware Has Demonstrated Proof of Exhaustion*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Ware has attached to his Motion the response he received from the warden—dated November 1, 2022—denying Ware's request for compassionate release. Doc. 215, Mot., 5. This evidence shows "the lapse of 30 days from the receipt of [a compassionate-release] request by the warden of [Ware's] facility." *See* § 3582(c)(1)(A). Thus, Ware has demonstrated proof of exhaustion, and the Court turns to the merits of his Motion.

B.     *Ware Has Not Demonstrated Extraordinary and Compelling Reasons for Release*

Ware has not shown "extraordinary and compelling reasons" warranting compassionate release. *See id.* Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotations, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. Section 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 612 F. Supp. 3d 699, 700 (S.D. Tex. 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. 1(A)–(C). The Fifth Circuit has held that Section 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 392–93 (citing § 1B1.13). While not binding, Section 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . [Section] 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in a district court's consideration of an inmate's motion in light of *Shkambi*'s holding).

Considering Ware's Motion in light of Section 1B1.13 and applying its discretion, the Court concludes that Ware has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). Ware argues that "[g]iven [his] medical conditions, there is an increased risk of serious illness or death should he contract Covid-19." Doc. 215, Mot., 1. Ware suffers from "an enlarged heart along with heart arrythmia and hypertension." *Id*. He has also had arterial bypass surgery, two toes amputated, and suffered three strokes. *Id*.

While the Court is sympathetic to Ware's medical conditions, Ware's claims are almost identical to his claims in his previous compassionate-release motion, which the Court denied. *See* Doc. 208, Mot., 1 (describing Ware's chronic health conditions); Doc. 209, Mem. Op. & Order, 10 ("[T]here is nothing before the Court that indicates Ware's personal circumstances rise to the level of extraordinary and compelling."). In fact, Ware includes less detail in his most recent Motion regarding how his medical conditions constitute extraordinary and compelling reasons for release. *Compare* Doc. 208, Mot., 1–3, *with* Doc. 215, Mot., 1. And as the Court previously cautioned, "to the extent Ware merely repeats or provides minor elaborations to arguments that this Court has already rejected, such arguments will be summarily rejected." Doc. 209, Mem. Op. & Order, 12. Therefore, the Court hereby incorporates its reasoning from its prior order (Doc. 209) and **DENIES** Ware's Motion for compassionate release.

## IV.

## CONCLUSION

Ware's request for compassionate release under § 3582(c)(1)(A) fails because he has not demonstrated extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** Ware's Motion (Doc. 215) **WITHOUT PREJUDICE**. And to the extent Ware requests reconsideration of the Court's prior order, that request is **DENIED** (Doc. 216).

By denying Ware's Motion without prejudice, the Court permits Ware to file a subsequent motion for compassionate release in the event he can provide evidence supporting a finding of extraordinary and compelling reasons for release. However, as stated previously, to the extent Ware merely repeats or provides minor elaborations to arguments that this Court has already rejected, such arguments will be summarily rejected.

SO ORDERED.

SIGNED: March 31, 2023.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE