UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:15-CR-494-B-2 |
| | § | |
| JOHN CHRISTOPHER WARE, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is Defendant John Christopher Ware's Motion to Reduce Sentence (Doc. 226). Ware seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the following reasons, Ware's Motion is **DENIED WITHOUT PREJUDICE.**

I.

BACKGROUND

The Court sentenced Ware to 135 months of imprisonment and 3 years of supervised release after he pleaded guilty to conspiracy to distribute a controlled substance. Doc. 194, Am. J., 1–3. Ware, who is now 53 years old, is serving his sentence at Oakdale II Federal Correctional Institution and is scheduled to be released in October 2027.[1]

On April 15, 2021, Ware filed his first motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Doc. 203, Mot., 1. Finding that Ware did not demonstrate proof of exhaustion or extraordinary and compelling reasons for his release, the Court denied the motion without prejudice on April 28, 2021. Doc. 207, Mem. Op., 6–7. Namely, Ware did not include proof that the warden

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc [https://perma.cc/F74F-7ZAG].

received his request. *Id.* at 3. Also, the Court found generalized concerns about COVID-19 and Ware's individual health conditions not sufficiently extraordinary and compelling to warrant compassionate release. *Id.* at 5–6. On October 13, 2021, Ware filed a second compassionate-release motion. *See* Doc. 208, Mot., 1. The Court denied this motion as well; although Ware demonstrated proof of exhaustion, his alleged chronic health conditions again did not rise to the level of extraordinary and compelling. Doc. 209, Mem. Op., 5.

On March 2, 2023, Ware filed a third compassionate-release motion (Doc. 215), and on March 16, 2023, he filed a request for reconsideration of the Court's previous Order denying compassionate release (Doc. 216). The Court denied both motions, noting that Ware merely repeated arguments from previous motions with less detail, and again finding a lack of extraordinary and compelling reasons for his release. Doc. 217, Mem. Op., 5. On April 4, 2023, Ware filed a fourth motion for compassionate release (Doc. 218), which was again denied for being "nearly identical" to the prior denied motion. Doc 219, Order, 1. On March 7, 2024, Ware filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines (Doc. 221). The Court denied the request. Doc 223, Order, 1. On August 28, 2024, Ware filed the instant motion for compassionate release. He again argues that his medical condition warrants compassionate release. *See* Doc. 226, Mot., 3–4. The Court considers Ware's Motion below.

## II.

## LEGAL STANDARD

Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of

imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

The Court **DENIES** Ware's motion for compassionate release. Though he exhausted his administrative remedies, he has not demonstrated extraordinary and compelling reasons for a sentence reduction.

A.   *Ware Exhausted His Remedies.*

A defendant can only bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A). "[S]ubmission of a request is insufficient for exhaustion." *United States v. Ware*, No. 3:15-CR-0494-B-2, 2021 WL 1662497, at *2 (N.D. Tex. Apr. 28, 2021) (Boyle, J.). Instead, exhaustion requires proof that the warden *received* the defendant's request. 18 U.S.C. § 3582(c)(1)(A); *see also, e.g.*, *United States v. Carrera*, No. 3:14-CR-0367-B-40, 2020 WL 6545982, at *2 (N.D. Tex. Nov. 5, 2020) (Boyle, J.) (denying compassionate release where defendant "attache[d] to his motion a letter . . . in which he purportedly ask[ed] the warden of his facility for a sentence reduction," but did not "attach any proof that the warden actually received his request").

Here, Ware satisfied the exhaustion requirement. On July 3, 2024, Ware submitted a request for compassionate release. Doc. 226-1, Req. Admin. Remedy, 1. The warden acknowledged receipt

of the request on July 25, 2024. *Id.* Therefore, Ware included proof of exhaustion, and the Court must address the merits of his Motion.

B.  *Ware Has Not Shown Extraordinary and Compelling Reasons for Compassionate Release.*

Ware has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582 (c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citation modified). The Fifth Circuit has interpreted the "extraordinary and compelling" standard as requiring a prisoner to show "some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025) (citation modified).

The Sentencing Commission has issued a policy statement that sets forth "extraordinary and compelling circumstances" that may justify a sentence reduction, including in relevant part: "(1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) whether the defendant, while in custody, was a victim of abuse; [and] (5) other reasons similar in gravity to items one through four . . . ." *United States v. Jean*, 108 F.4th 275, 289 (5th Cir. 2024) (citing U.S.S.G. § 1B1.13), *overruled in part by Austin*, 125 F.4th 688. § 1B1.13 informs the Court's analysis of what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *United States v. Rivas*, 833

F. App'x 556, 558 (5th Cir. 2020) (per curiam) (noting § 1B1.13 is "not dispositive" but "guid[ing]"). As to medical circumstances specifically, § 1B1.13(b)(1) provides that extraordinary and compelling circumstances are present when:

> (B) The defendant is—
>   (i) suffering from a serious physical or medical condition,
>   (ii) suffering from a serious functional or cognitive impairment, or
>   (iii) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

§ 1B1.13(b)(1)(B)–(C).

Considering Ware's motion in light of § 1B1.13 and applying its discretion, the Court concludes that Ware has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A). Ware argues that he meets the guidelines of § 1B1.13(b)(1)(B) and (C). The Court addresses each argument in turn.

1. <u>Ware Has Not Shown a Serious Physical or Medical Condition</u>

First, Ware has not shown a "serious physical or medical condition." § 1B1.13(b)(1)(B)(i). Ware states, as he has in his last four motions for compassionate release, that he suffers from "severe heart disease, hypertension, severe diabetes which has resulted in the amputation of body parts as well as continued neuropathy." Doc. 226, Mot., 9. As discussed in this Court's previous orders on Ware's motions, these conditions do not rise to the level of "extraordinary and compelling." *See* Doc. 207, Mem. Op., 5–6 (denying motion for compassionate release for lack of extraordinary and

compelling reasons); Doc. 209, Mem. Op., 5–10 (same); Doc. 217, Mem. Op., 5 (same); Doc. 219, Order, 1 (same).

In contrast to his previous motions, here, Ware states that he has suffered an additional stroke which has resulted in "episodes of confusion in custody," "greatly diminished capacity for daily physical activities," and a broken elbow from a fall. Doc. 226, Mot., 9. Also, he alleges that he must walk with a cane now. Doc. 233, Reply, 2. As to the additional stroke, this Court has stated before that a history of strokes does not warrant compassionate release. *See* Doc 209, Mem. Op., 9. As to episodes of confusion and diminished capacity, Ware has not substantiated these claims, and the Court does not see medical records showing continuing episodes of confusion. Doc. 230, Ex. C, 24 (Ware stated that he was "feeling better no more dizzy spells or feeling weak" after stopping his hypertension medication). Further, a broken elbow and walking with a cane are not enough to warrant compassionate release. *Cf. United States v. Muniz*, 612 F. Supp. 3d 699, 701 (S.D. Tex. 2020) (finding extraordinary and compelling reasons where defendant was confined to a wheelchair after amputation of his foot and was suffering from end-stage renal disease). Since Ware has not provided medical reports to support his claims of confusion, this Court does not find his medical conditions to be extraordinary and compelling reasons for release. *See United States v. Parker*, No. 3:17-CR-0446-B-2, 2020 WL 4673125, at *3 (N.D. Tex. Aug. 11, 2020) (Boyle, J.) (denying compassionate release in part because a defendant did not provide medical records to support her claims).

Even if Ware provided medical records to substantiate lingering effects of his stroke, as alleged, his walking problems and episodes of confusion do not rise to the level of "extraordinary and compelling." *Cf. United States v. Williams*, No. 3:82-CR-0035-B-1, 2025 WL 1071340 at *3 (N.D. Tex. Apr. 9, 2025) (Boyle, J.) (finding defendant's medical condition "may" rise to the level of

extraordinary and compelling when defendant suffered a stroke that resulted in partial paralysis and cognitive disability in addition to existing schizophrenia, and denying motion for other reasons). Further, as discussed below, Ware's argument likewise fails because he does not sufficiently show he is unable to access the care he needs in prison. *See id.* at *4 (denying motion for compassionate release because defendant failed to show that he was unable to access the care he needs in prison).

### 2. Ware Has Not Shown a Substantially Diminished Ability to Provide Self-Care

Ware has not shown that he is "experiencing deteriorating physical or mental health because of the aging process, that *substantially diminishes* the ability of the defendant to provide self-care within the environment of a correctional facility . . . ." §1B1.13(b)(1)(B)(iii) (emphasis added). A defendant was found to have substantially diminished ability to provide self-care when he had end-stage renal disease and was confined to a wheelchair after amputation of his foot. *See Muniz*, 612 F. Supp. 3d at 701. In contrast, Ware does not have an end-stage disease and can walk. Doc. 233, Reply, 2. Further, the Government has shown that Ware does not comply with his medication regime and does not follow nutrition counseling which could alleviate his symptoms. Doc 230, Resp., 10–11.

### 3. Ware Has Not Shown Sufficient Failures to Provide Medical Care

Third, Ware has not shown that he "is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." §1B1.13(b)(1)(C). Ware argues that he has yet to have a follow up appointment after having heart surgery, among other things, and that compassionate release is warranted for the allegedly undue delays. Doc. 226, Mot., 3–4. While the Court sympathizes with Ware in his ongoing health issues and delays in receiving care, his circumstances do not warrant compassionate release. Courts in other jurisdictions have found

undue delays in treating serious medical conditions to be "extraordinary and compelling reasons" to warrant compassionate release, but "most of these cases involved defendants with life-threatening conditions that were nearly certain to be fatal because of BOP's gross mismanagement." *United States v. English*, No. 2:19-CR-20164-TGB-EAS-1, 2022 WL 17853361 at *5 (E.D. Mich. Dec. 22, 2022) (citing *United States v. Verasawmi*, No. CR 17-254 (FLW), 2022 WL 2763518, at *7 (D.N.J. July 15, 2022) (collecting cases)). "Extraordinary and compelling reasons" were present if a doctor recommended "immediate" care for an "urgent" condition, and the BOP delayed providing care. *Verasawmi*, 2022 WL 2763518 at *8; *see also United States v. Almontes*, No. 3:05-CR-58 (SRU), 2020 WL 1812713 at *6 (D. Conn. Apr. 9, 2020) (granting compassionate release when BOP delayed for 18 months in scheduling a surgery that physicians noted was "urgent" and needed to be performed in two weeks following an examination and diagnosis).

Ware has not shown that he has failed to receive any doctor-recommended "urgent" care. *See* Doc. 226, Mot., 4. The Court's review of his medical records also shows no failure by the BOP to provide "urgent" care. Doc. 230, Resp., Ex. A 125–33 (listing medical records of health problems from 2019 to 2025); *id.* at Ex. D 89–94 (recording follow-up appointment on October 31, 2024, following November 2023 stent placement). On the contrary, Ware received medical intervention two months following a cardiac stress test with abnormal results.[2] Further, although there have been delays[3] in care for his heart condition, since the delayed care was not deemed "urgent," the Court

---

[2] Exercise Stress Test, CLEVELAND CLINIC, https://my.clevelandclinic.org/health/diagnostics/16984-exercise-stress-test [https://perma.cc/SK2S-GB4A] ("Cardiac stress tests help healthcare providers determine whether you need additional — often more invasive — testing to confirm a diagnosis or if treatment might lower your heart attack risk and make you feel better").

[3] The medical record shows that Ware saw a cardiologist for chest pain on October 19, 2022. At this appointment, the cardiologist ordered a stress test and a follow up in eight weeks. Doc. 230, Resp., Ex. A, 180. The stress test was scheduled for March 3, 2023, but cancelled for lack of prisoner transport staff available at that time. *Id.* at Ex. A, 32. In May 2023, Ware wrote in a note to the BOP that he had been

does not find a failure to provide necessary treatment. *See United States v. Norman*, No. 3:17-CR-0315-B-1, 2023 WL 3984833, at *3 (N.D. Tex. June 13, 2023) (Boyle, J.) (denying compassionate release for defendant arguing undue delay in providing medical care where medical records did not show that condition required urgent care).

## IV.

## CONCLUSION

Ware has not demonstrated extraordinary and compelling reasons for compassionate release. Given this threshold obstacle to Ware's Motion, the Court need not consider the sentencing factors set forth in 18 U.S.C. § 3553(a). The Court therefore **DENIES** Ware's Motion (Doc. 226) **WITHOUT PREJUDICE.**

By denying Ware's Motion without prejudice, the Court permits Ware to file a subsequent motion seeking compassionate release in the event he demonstrates: (1) a change in circumstances rising to the level of extraordinary and compelling; (2) that he satisfied the exhaustion requirement with respect to those circumstances; and (3) that the 18 U.S.C. § 3553(a) sentencing factors support his release.

**SO ORDERED.**

**SIGNED: October 9, 2025.**

*[signature]*
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE

---

waiting for seven months for the stress test. *Id.* at Ex. A, 161. It is unclear when the stress test was finally rescheduled, but Ware did not receive testing until September 21, 2023, almost a year after it was ordered. *Id.* at Ex. C, 321. Additionally, following the heart surgery on November 6, 2023, Ware did not see a cardiologist for a follow-up until October 31, 2024. *Id.* at Ex. D, 89.